UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 25cr10315 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| PATRICK J. DOLAN, | ) | <u>Counts One-Four</u>: Wire Fraud |
| | ) | |
| Defendant | ) | <u>Forfeiture Allegations</u>: |
| | ) | (18 U.S.C. §§ 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, PATRICK J. DOLAN (DOLAN), was a resident of Haverhill or North Attleboro, Massachusetts.

2. DOLAN was an attorney licensed to practice law in the Commonwealth of Massachusetts, with an office address in Boston, Massachusetts.

3. Between at least as early as November 2018 and at least as late as November 2024, DOLAN devised a scheme to defraud his clients and other individuals who entrusted DOLAN to maintain funds in accounts DOLAN controlled for their benefit.

*Client 1*

4. DOLAN maintained an Interest on Lawyers' Trust Account (the DOLAN IOLTA Account) at East Boston Savings Bank between at least as early as 2018 and approximately 2021, when Rockland Trust Company acquired East Boston Savings Bank. Between approximately 2021 and 2024, DOLAN maintained the DOLAN IOLTA Account at Rockland Trust Company. The purpose of the DOLAN IOLTA Account was to hold client funds, and

1

DOLAN was required to hold these funds with the care required of a professional fiduciary, for the exclusive benefit of his clients.

5. In or around November 2018, DOLAN represented a client (Client 1) involved in a lawsuit over a family trust.

6. Between in or around November 2018 and in or around September 2022, approximately $2,000,372.55 in funds was deposited into the DOLAN IOLTA account, to be held in escrow pending the outcome of the family trust lawsuit.

7. As part of the scheme to defraud, between in and around November 2018 and in or around March 2024, DOLAN transacted all of the funds related to Client 1's family trust lawsuit for the benefit of himself and his family members. DOLAN did so in part by:

   a. transferring over $759,000 of these funds to DOLAN's family members, either (i) by checks drawn on the DOLAN IOLTA Account and payable to DOLAN's family members, (ii) by electronic transfers and checks from the DOLAN IOLTA Account to shell companies owned by one of DOLAN's family members, (iii) by electronic transfers and checks from the DOLAN IOLTA Account to and through multiple bank accounts held in the names of DOLAN, DOLAN's law firm, shell companies owned by one of DOLAN's family members and DOLAN's family members;

   b. using over $188,000 of these funds to make tuition and student loan payments for the benefit of DOLAN's family members, either directly from the DOLAN IOLTA Account, or by transferring funds from the DOLAN IOLTA Account to a business checking account from which such payments were made;

   c. using over $28,000 of these funds to purchase a Jeep Wrangler for DOLAN's family member directly from the DOLAN IOLTA Account;

   d. using over $24,000 of these funds to make payments towards the mortgage on DOLAN's personal residence, either directly from the DOLAN IOLTA Account, or by transferring funds from the DOLAN IOLTA Account to a business checking account from which such payments were made;

   e. using over $12,000 of these funds to pay for landscaping and HVAC services at DOLAN's personal residence, either directly from the DOLAN IOLTA Account, or by transferring funds from the DOLAN IOLTA

       Account to a business checking account from which such payments were made; and

    f. using at least $5,000 of these funds from the DOLAN IOLTA Account to pay for cosmetic surgery for DOLAN's family member.

8. As part of the scheme to defraud, between in and around November 2018 and in or around April 2024, DOLAN made false statements, including in emails, falsified bank statements and falsified accounting records, to opposing counsel and others representing that all of the funds related to Client 1's family trust lawsuit remained in the DOLAN IOLTA Account.

*Client 2*

9. In or around August 2019, DOLAN created a supplemental needs trust (the Supplemental Needs Trust), with DOLAN as the sole trustee, for a client (Client 2). Around the same time, DOLAN, as the trustee, opened a business checking account at Santander Bank, N.A. in the name of the Supplemental Needs Trust (the Supplemental Needs Trust Account). DOLAN then deposited approximately $200,000, which had been paid to Client 2 in settlement of a family dispute, into the Supplemental Needs Trust Account. The terms of the Supplemental Needs Trust specified that all payments from the trust were to be made for the benefit of Client 2.

10. As part of the scheme to defraud, in or around March 2020, DOLAN transacted at least $87,500 of Client 2's funds for the benefit of himself and his family members. DOLAN did so by wire transferring $87,500 in funds from the Supplemental Needs Trust Account to a third party "business broker," who then wire transferred $87,000 in funds to DOLAN's family member. DOLAN's family member then used the $87,000 stolen from the Supplemental Needs Trust to make a down payment towards the purchase of real property located in Haverhill, Massachusetts, where DOLAN subsequently resided with his family.

11. As part of the scheme to defraud, between in and around August 2019 and in or around October 2023, DOLAN made false statements, including in emails, falsified bank statements and falsified accounting records, to Client 2's guardian representing that all of the funds deposited into the Supplemental Needs Trust Account either remained in the account or had been used for the benefit of Client 2.

## COUNTS ONE-FOUR
## Wire Fraud
## (18 U.S.C. § 1343)

The United States Attorney alleges:

12.    The United States Attorney re-alleges and incorporates by reference paragraphs 1-11 of this Information.

13.    From in or around November 2018 through in or around November 2024, in the District of Massachusetts, the defendant,

PATRICK J. DOLAN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | March 12, 2020 | Wire transfer of $77,500 from Supplemental Needs Trust Account to The Savings Bank/Wakefield Savings Bank account number xxx6856 |
| 2 | March 16, 2020 | Wire transfer of $10,000 from Supplemental Needs Trust Account to The Savings Bank/Wakefield Savings Bank account number xxx6856 |
| 3 | April 13, 2021 | Wire transfer of $24,402.38 from DOLAN IOLTA Account to First Auto Group |
| 4 | March 18, 2022 | Deposit of Check No. 1311, in the amount of $7,867, drawn on the DOLAN IOLTA Account and made payable to Firm Assist, LLC, into TD Bank business checking account number xxx-xxx1594 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

The United States Attorney further alleges:

1. Upon conviction of the offenses in violation of 18 U.S.C. § 1343 set forth in Counts One through Four, the defendant

PATRICK J. DOLAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense. The property to be forfeited includes, but is not limited to:

   a. the real property and buildings located at 8 Overlook Circle, Haverhill, Massachusetts, having a deed recorded at the Southern Essex District Registry of Deeds, Book 38343, Page 138; and

   b. $2,087,372.55 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

2. If any of the property described in Paragraph 1 above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act and omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
United States Attorney

By:   /s/Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant United States Attorney

Dated: July 24, 2025